## Case No. 6,225a.

HAUST et al. v. BURGESS et al.

MILLER et al. v. BURGESS et al.

[4 Hughes, 560.]

Circuit Court, E. D. Virginia. Jan., 1882.

GARNISHMENT—FUNDS HELD BY ASSIGNEE FOR BENEFIT OF CREDITORS.

[Funds in the hands of an assignee for the benefit of creditors are not subject to garnishment under executions issued against the assignor after the date of the assignment.]

[Cited in Lackett v. Rumbaugh, 45 Fed. 29.]

[This was a hearing on process of garnishment against W. L. Jeffries, under executions issued against Burgess, Popham & Co. on judgments obtained against them by Haust, Miller & Co. and Daniel Miller & Co.] There were judgments in these cases against the defendants, and executions in each case. On suggestion that W. L. Jeffries held funds of the latter liable to the judgments, and service of process of garnishment on him, in each case, he came into court and made answer as follows: "The respondent, answering, says that individually he owes Burgess, Popham & Co. nothing, and owed them nothing on the 17th day of November, 1881, when this process was served on him; that on the 5th day of September, 1881, said defendants entered into an agreement with your respondent (in a writing hereto appended) by which they assigned to him all moneys and other personal assets belonging to said firm, in trust for the benefit of all the creditors of said firm; the funds to be applied to said debts pro rata; that the balance in respondent's hands under said agreement on the 17th day of November, 1881, was $861.34; your respondent insists that the said fund is not liable to the plaintiff's suggestion or executions, because the title thereto was vested in him before the executions under which they claim were issued, and the said executions are therefore no lien upon said funds; your respondent further says that the plaintiffs had notice of said assignment before their suggestions were made." A copy of the assignment referred to was filed with this answer.

HUGHES, District Judge. The paper recited by Jeffries in his answer to the process of garnishment conferred on him a power coupled with a trust. The power is what the legal writers call "an imperative power"; and if the donee of it accepted it and entered upon the execution of it he became bound by the directions of his donor. As soon as he made collections under it, he became an agent charged with a trust; and the funds he collected became trust funds, which it was his duty to dispose of according to the direction of the makers of the writing. This is certainly so as to the funds on hand before the issuing of the executions. See Perry, Trusts, § 248.

I think the principle is well settled, that when a principal assigns his effects for the benefit of his creditors, and gives the assignee a power of attorney to collect and receive all debts and outstanding claims, the power is irrevocable; and the funds, when collected by the agent, became charged with the trust set forth in the appointment. See Story, Ag. § 477; Walsh v. Whitcomb, 2 Esp. 565. I think the funds held by Jeffries must be held not to be affected by the executions which have issued in these cases; and that they must be applied in accordance with the trust with which he was vested.

A copy,
[Seal.] · Teste: M. F. Pleasants, Clerk.